**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | | |
|---|---|---|
| **In re:** | * | |
| **CHRISTOPHER M. BATTAGLIA** | * | **Case No. 25-21709-DER** |
| **Debtor.** | * | **Chapter 7** |
| * * * * * * | * | * * * * * * |
| **CHRISTOPHER DERSHAK**<br>**3503 Advocate Hill Drive**<br>**Jarrettsville, MD 21084** | *<br><br>* | |
| **Plaintiffs** | * | **Adversary No:________________** |
| **v.** | * | |
| **CHRISTOPHER M. BATTAGLIA**<br>**Unit 17**<br>**Benson, MD 21018** | *<br><br>* | |
| **Defendant.** | * | |
| * * * * * * | * | * * * * * * |

**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT**

Plaintiff, Christopher Derhsak, by and through his undersigned counsel, pursuant to Rules 4007 and 7001(f) of the Federal Rules of Bankruptcy Procedure (tand Section 1328 of Title 11 of the United State Code (the "Bankruptcy Code"), hereby files this Complaint to Determine Nondischargeability of Debt, and in support thereof states as follows:

**Consent to Entry of Final Orders and Judgments**

1. Pursuant to Local Bankruptcy Rule 7012-1, Plaintiff hereby consents to the entry of final orders and judgments by the Judges of the United States Bankruptcy Court for the District of Maryland.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and Local Rule 402 of the United States District Court for the District of Maryland. Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**Facts**

3. At all relevant times the Creditor/Plaintiff, Christopher Dershak ("Mr. Dershak"), was a resident of the State of Maryland who regularly conducts business within Baltimore County, Maryland.

4. At all relevant times, the Debtor/Defendant, Christopher Battaglia (the "Debtor"), was a resident of the State of Maryland who regularly conducts business within Baltimore County, Maryland.

5. The Debtor was previously married to Michelle Battaglia (nee Barnett) (hereinafter referred to as "Mrs. Barnett").

6. During the course of their marriage, the Debtor and Mrs. Barnett had two (2) daughters, both of whom are minor children as of the filing of this Complaint.

7. The Debtor and Mrs. Barnett were subsequently divorced.

8. Following the Debtor and Mrs. Barnett's divorce, Mr. Dershak began dating Mrs. Barnett.

9. Upset that Mrs. Barnett was dating another man, the Debtor engaged in a course of intentional and malicious conduct directed at Mr. Dershak.

10. Among other things, the Debtor engaged in the following intentional and malicious behavior directed at Mr. Dershak:

a. sending hundreds of harassing communications to Mr. Dershak's cell phone;

b. harassing and abusing Mr. Dershak by calling Mr. Dershak's cell phone and hanging up hundreds of times;

c. sending false and defamatory communications to Mr. Dershak's employees and co-workers;

d. falsely accusing Mr. Dershak of illegal conduct;

e. illegally stalking Mr. Dershak and otherwise invading his privacy; and

f. interfering with Mr. Dershak's employment and his ability to conduct his job responsibilities.

11. Within the initial text messages sent by the Debtor to Mr. Dershak were threatening messages stating that "[w]e are going to meet up and your [sic] not going to be able to hide…I'm going to get you trust me."

12. The Debtor also texted Mr. Dershak "[y]our [sic] a fucking loser get your shit out of my farm I will be looking for you."

13. Intent on harming Mr. Dershak, the Debtor sent messages to Mr. Dershak's employees/co-workers in which the Debtor accused Mr. Dershak of drinking, engaging with married women and otherwise harming his employees/co-workers real estate business.

14. When the Debtor's initial attempts to harass and intimidate Mr. Dershak failed to terminate the relationship between Mr. Dershak and Mrs. Barnett, the Debtor elevated his efforts to harm Mr. Deshak and made good on his threat to "be looking for [Mr. Dershak]."

15. In furtherance of his malicious and illegal efforts to harm Mr. Dershak, the Debtor hired a private detective to surveil both Mr. Dershak and Mrs. Barnett.

16. The private detective then conspired with the Debtor in an attempt to further harm Mr. Dershak with the ultimate intent to cause him to terminate his relationship with Mrs. Barnett.

17. To this end, the Debtor conspired and illegally placed GPS tracking devices on Mr. Dershak and Mrs. Barnett's vehicles, tracked their movements and illegally stalked each of them as they performed their daily routines.

18. From the information gleaned through the illegal tracking devices, the Debtor further conspired to file a series of domestic and criminal proceedings against Mr. Dershak based upon knowingly false statements of fact.

19. On March 14, 2023, the Debtor obtained a temporary ex parte peace order against Mr. Dershak on behalf of the Debtor's children, by falsely alleging that Mr. Dershak physically assaulted one of the children.

20. On March 27, 2023, the Debtor initiated a criminal complaint against Mr. Dershak for an alleged violation of the temporary peace order. The allegations upon which this criminal proceeding was initiated were derived from false statements made with respect to the illegal tracking of Mr. Dershak.

21. To wit, the Debtor alleged that Ms. Donaldson had witnessed Mr. Dershak with his children, in violation of the temporary peace order.

22. On April 4, 2023 and April 19, 2023, the Harford County Circuit Court conducted hearings on the Debtor's request for a final peace order on behalf of his children.

23. In furtherance of the conspiracy to harm Mr. Dershak, the Debtor perjured himself and presented false evidence to the Court in an attempt to secure the final peace order.

24. Those efforts were intended to harm Mr. Dershak by obtaining a final peace order and creating a criminal record against Mr. Dershak based upon false allegations, thereby

destroying his reputation, and compromising his ability to maintain his employment and to earn a living.

25. Based upon the objective evidence presented in Court establishing that Mrs. Barnett was not in the same County or City as Mr. Dershak's home at the time, the above-described criminal proceeding was terminated in Mr. Dershak's favor.

26. The illegal conduct by the Debtor did in fact cause economic and non-economic harm to Mr. Dershak in terms of the time and expense he has incurred defending himself against the knowingly false and malicious allegations against him, the harm to his reputation from having such allegations made against him in a public record, and the emotional distress from having such noxious claims asserted against him, and communicated to his employees and co-workers, as well as the emotional stress and upset arising from the illicit tracking and surveilling of himself by the Debtor.

27. All of the false and malicious legal proceedings filed against Mr. Dershak and related to facts stated herein were resolved in Mr. Dershak's favor.

28. On July 17, 2024, Mr. Dershak filed a civil complaint against the Debtor in the Circuit Court for Baltimore County, commencing the case styled as *Dershak v. Battaglia, et al.*, Case No. C-03-CV-24-002694, seeking damages for claims of civil conspiracy, invasion of privacy, aiding and abetting, malicious use of process, abuse of process, malicious prosecution, intentional infliction of emotional distress, and defamation (the "State Court Action").

29. The State Court Action is scheduled for a three-day jury trial beginning on August 17, 2026.

**Nondischargeability of Debt (§ 1328(a)(4)))**

30. Section 1328(a)(4) of the Bankruptcy Code excepts from discharge in a Chapter 13 proceeding any debt for "restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual."

31. The Debtor has taken numerous actions against Mr. Dershak which constitute willful or malicious injury that caused personal injury, and thereby stands to have damages awarded against him in the State Court Action.

32. Thus, Mr. Dershak's claims against the Debtor in the State Court Action shall be deemed nondischargeable.

WHEREFORE, Mr. Dershak respectfully request that this Court enter an order determining that his claims against the Debtor in the State Court Action be deemed nondischargeable, and granting such other and further relief as is just and equitable.

Dated: March 29, 2026

/s/ Joseph M. Selba
Joseph M. Selba, Bar No. 29181
Tydings & Rosenberg, LLP
1 E. Pratt Street, Suite 901
Baltimore, MD 21202
(410) 752-9753
jselba@tydings.com
*Plaintiff's counsel*